UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-21765-ALTMAN

**RAEGAN COPELAND**,

    *Plaintiff*,

v.

**CARNIVAL CORPORATION** *d/b/a*
**CARNIVAL CRUISE LINES**,

    *Defendant.*
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

On May 27, 2024, while sailing aboard the *Carnival Breeze*, Raegan Copeland "sustained severe injuries when she slipped and fell on a wet, unreasonably slippery and/or hazardous flooring surface while descending a midship interior staircase from Deck 4 to 3[.]" Complaint [ECF No. 1] ¶ 10. When Copeland tried to "use the handrails to stop her fall [she] found that the handrail was wet and/or slippery and . . . could not prevent her fall." *Ibid.* Copeland brought four negligence-based counts against Carnival for causing this fall. Carnival now moves to dismiss the Complaint "because (1) Plaintiff fails to adequately allege actual notice; (2) Plaintiff fails to adequately allege constructive notice; [and] (3) Plaintiff asserts duplicative counts." Motion to Dismiss ("Motion") [ECF No. 8] at 1–2.[1] After careful review, we **GRANT in PART** and **DENY in PART** the Motion.

### THE LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

---

[1] The Motion has been fully briefed. *See* Response in Opposition to Defendant's Motion to Dismiss ("Response") [ECF No. 10]; Reply Brief in Further Support of its Motion to Dismiss ("Reply") [ECF No. 14].

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). "The motion is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570).

"Claims arising from torts committed aboard ships on navigable waters are governed by general maritime law." *Breaux v. NCL (Bahamas) Ltd.*, 2022 WL 2304254, at *6 (S.D. Fla. June 24, 2022) (Altman, J.); *see also Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) ("[W]e note that the substantive law applicable to this action, which involves an alleged tort committed aboard a ship sailing in navigable waters, is the general maritime law[.]"). To plead negligence in a maritime-tort case, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "With respect to the duty element in a maritime context, 'a shipowner owes the

duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959)). This reasonable-care standard "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe*, 867 F.2d at 1322. "Actual notice exists when the defendant knows of the risk-creating condition," *Gorczyca v. MSC Cruises, S.A.*, 715 F. App'x 919, 921 (11th Cir. 2017), while constructive notice exists when the defendant "should have known of the dangerous condition," *Woodley v. Royal Caribbean Cruises, Ltd.*, 472 F. Supp. 3d 1194, 1204 (S.D. Fla. 2020) (Moore, C.J.).

## ANALYSIS

Copeland's Complaint asserts four counts against Carnival: negligent failure to warn (Count I), *see* Complaint at 4; negligent failure to maintain (Count II), *id.* at 7; negligent design (Count III), *id.* at 10; and general negligence (Count IV), *id.* at 12. Although Carnival's Motion attacks Copeland's Complaint on several fronts, we can distill the Motion down to three discrete arguments. *One*, Carnival says that the Complaint is a shotgun pleading because "Plaintiff's allegations regarding notice are improperly stated in the conjunction and in the alternative in all four (4) counts." Motion at 4. *Two*, Carnival contends that Copeland failed to allege that Carnival had actual or constructive notice of the allegedly dangerous condition. *See id.* at 6–7 ("Despite notice being an essential element of Plaintiff's negligence, [the Complaint] fail[s] to allege any facts whatsoever to support that Carnival was on notice of the purported dangerous conditions."). *Three*, Carnival argues that Count IV is "duplicative" and alleges a non-actionable claim of "negligent mode of operation." *Id.* at 11. Because Carnival's notice argument is (mostly) meritorious, we needn't address its other arguments.[2]

---

[2] We will, however, warn Copeland about her copious use of "and/or" throughout her Complaint. Citing *Blow v. Carnival Corp.*, 674 F. Supp. 3d 1239 (S.D. Fla. 2023) (Scola, J.) and *Reason v. Carnival Corp.*, No. 22-cv-22868 (S.D. Fla. Jan. 3, 2023), ECF No. 18 (Moore, J.), Carnival says that Copeland's

Carnival urges us to dismiss all four counts because Copeland: (1) "fails to allege any plausible facts showing pre-existing knowledge to establish that Carnival had actual notice of the alleged dangerous condition[,]" Motion at 5; and (2) fails to plead that Carnival had "constructive notice due to the supposed existence of prior incidents[,]" *id.* at 7. Although Copeland's Response doesn't address Carnival's "actual notice" argument, she insists that her references to "two (2) prior substantially similar incidents where passengers slipped and fell on wet or slippery floors while descending interior staircases on vessels of the same Carnival Dream class" are sufficient to allege constructive notice. Response at 5. We find that Copeland hasn't sufficiently alleged notice as to Counts I, II, and IV. At the same time, we do think she's sufficiently alleged notice as to Count III.

For starters, Copeland fails to allege actual notice. She simply says that "[the] Defendant knew of the foregoing dangerous conditions causing [the] Plaintiff's incident[,]" but offers no factual allegations to support this assertion. Complaint ¶ 12; *see also Mayer v. Carnival Corp.*, 731 F. Supp. 3d 1316, 1320 (S.D. Fla. 2024) (Altman, J.) ("[A plaintiff] must advance enough factual allegations to allow us to draw the reasonable inference that Carnival had [actual] notice of the dangerous condition."). Copeland's conclusory allegation that Carnival had "actual knowledge" of the wet staircase will not do. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Copeland, to her credit, never suggests that the Complaint properly pleads actual notice. *See generally* Response. We therefore agree with Carnival that Copeland hasn't sufficiently pled actual notice.

---

Complaint is a shotgun pleading that forces it to guess "whether Plaintiff alleges that Carnival had actual notice or constructive notice or both" and what "breaches . . . allegedly caused [Copeland's] fall." Motion at 5. We won't opine on whether Copeland's Complaint is a shotgun pleading at this juncture, but we tend to agree with Judge Scola and Carnival that Copeland's copious use of the term "and/or" can render a plaintiff's allegations "confusing and unintelligible." Reply at 7. Since we are going to grant Copeland leave to file an amended complaint, we encourage Copeland to plead with more clarity.

But Copeland likewise fails to allege constructive notice—at least as to Counts I, II, and IV. To plead constructive notice, Copeland "was required to plausibly allege that either (1) the hazardous substance existed on the staircase for a sufficient length of time, or (2) substantially similar incidents occurred in which conditions substantially similar to the occurrence in question must have caused the prior accident[.]" *Holland v. Carnival Corp.*, 50 F.4th 1088, 1096 (11th Cir. 2022). Although the Complaint alleges that the dangerous condition "existed for a sufficient length of time[,]" Complaint ¶ 12, this claim, standing alone, is conclusory and insufficient to show that Carnival had constructive notice of the wet staircase, *see Miranda v. NCL (Bahamas) Ltd.*, 2024 WL 1860967, at *7 (S.D. Fla. Apr. 11, 2024) (Goodman, Mag. J.) ("The Eleventh Circuit does not require Plaintiff to *specifically* pinpoint when the hazardous condition was present. It merely requires factual allegations about how Plaintiff reached that conclusion. [A complaint must] provide factual support informing the Court how the plaintiff knew that the alleged substance was present for 'a sufficient period of time'—and what facts show that the cruise ship operator had the constructive (or actual) notice type of knowledge."), *report and recommendation adopted*, 2024 WL 1859693 (S.D. Fla. Apr. 29, 2024) (Williams, J.); *see also Newbauer v. Carnival Corp.*, 26 F.4th 931, 936 (11th Cir. 2022) ("[W]hile Newbauer alleged in her complaint that the substance 'had existed for a sufficient period of time before her fall' such that Carnival had constructive notice of its presence, she failed to allege any facts in support of this conclusory allegation.").

Recognizing this deficiency, Copeland tries to "establish constructive notice with evidence of substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Guevara*, 920 F.3d at 720 (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)). Copeland alleges that Carnival knew or should have known about the allegedly dangerous conditions "through Defendant's maintenance, inspection and/or supervision of the subject area and/or through prior incidents involving slip and falls where the injured passenger

alleged the floor was unreasonably slippery and/or unsafe flooring conditions while aboard Defendant's vessels and/or other vessels reported within the cruise industry." Complaint ¶ 24 (first citing *Taylor v. Carnival Corp.*, No. 24-cv-21064 (S.D. Fla. Mar. 19, 2024) (Altman, J.); and then citing *Donaldson v. Carnival Corp.*, No. 20-cv-23258 (S.D. Fla. Aug. 5, 2020) (Scola, J.)). But the Eleventh Circuit has repeatedly condemned mere references to "substantially similar" incidents—without more—as conclusory. *See Holland*, 50 F.4th at 1096 ("As to whether there were substantially similar incidents, Holland's conclusory allegations that 'there are frequently spills on the staircase' and 'prior slip and fall incidents on this staircase' are insufficient." (cleaned up)); *cf. Peavy v. Carnival Corp.*, 673 F. Supp. 3d 1286, 1293 (S.D. Fla. 2023) (Bloom, J.) ("Here too, the conclusory allegation of prior incidents while disembarking from a water taxi to the cruise ship and vice versa are not specific and fail to state how those incidents place Defendant on notice."); *Anders v. Carnival Corp.*, 2023 WL 4252426, at *6 (S.D. Fla. June 29, 2023) (Altonaga, C.J.) ("Alone, Plaintiff's allegation of prior similar incidents may be insufficient to plausibly allege Defendant's constructive notice").

Trying to parry, Copeland cites *Fawcett v. Carnival Corp.*, where Chief Judge Altonaga found that the plaintiff had "adequately allege[d] the existence of prior similar incidents" by "identifying specific dates and [cases] associated" with slip-and-fall events on Carnival's "Lido Deck." 682 F. Supp. 3d 1106, 1111 (S.D. Fla. 2023) (cleaned up); *see also* Response at 5 ("Here, the Plaintiff has alleged two (2) prior substantially similar incidents where passengers slipped and fell on wet or slippery floors while descending interior staircases on vessels of the same Carnival Dream class.").

But *Fawcett* doesn't stand for the broad proposition that a plaintiff can merely refer to previously decided cases without *also* showing how those prior cases involved "substantially similar incidents in which [there were] conditions substantially similar to the occurrence in question[.]" *Id.* at 1110 (quoting *Guevara*, 920 F.3d at 720). Copeland says that the two cases she relies on (*Taylor* and *Donaldson*) are similar to hers because those plaintiffs also "slipped and fell on a wet floor whilst

descending the same and/or substantially similar staircase and/or steps on the *Carnival Breeze*." Complaint ¶ 12. While we agree that "prior similar incidents needn't be identical to survive a motion to dismiss[,]" *Spotts v. Carnival Corp.*, 711 F. Supp. 3d 1360, 1366 (S.D. Fla. 2024) (Altman, J.), Copeland still must explain how these two incidents are, in fact, "substantially similar" to her case. In short, we don't think allegations that other passengers slipped on a "substantially similar interior staircase and/or flooring surface" on the same vessel are enough to establish constructive notice, unless the plaintiff can explain *how* the staircase she slipped on is similar to the staircases in *Taylor* and *Donaldson*. *See Tuite v. Carnival Corp.*, 713 F. Supp. 3d 1338, 1345 (S.D. Fla. 2024) (Scola, J.) ("Tuite fails to supply any details from which the Court could possibly infer substantial similarity. Tuite describes the incidents mentioned by Ale and Dr. Duravic (and Patel) in purely generic terms as, simply, 'falls in the Lido Deck Marketplace.'" (cleaned up)); *Edelman v. MSC Cruises, S.A.*, 2025 WL 240840, at *6 (S.D. Fla. Jan. 17, 2025) (Bloom, J.) ("Here, although Plaintiff provides case names as well as the dates and the name of the individuals involved in prior incidents, Plaintiff offers *no* facts or descriptive details that would shine a light on whether those incidents are indeed substantially similar to the circumstances in Plaintiff's instant case.").[3]

We come out the other way, however, on Count III. To plead negligent design, a plaintiff must allege that "Carnival 'actually created, participated in, or approved the negligent design[,]'" and that Carnival "had actual or constructive notice of such hazardous condition." *Liles v. Carnival Corp.*, 2023

---

[3] We also have some concern that relying on only *two* prior cases might be insufficient to establish constructive notice. In the other cases in our District in which courts found that the plaintiff had sufficiently alleged constructive notice, they did so because the plaintiffs in those cases identified far more prior incidents. *See, e.g.*, *Spotts*, 711 F. Supp. 3d at 1365 ("[The plaintiff] identified more than 40 prior instances when a passenger slipped and fell on a wet floor on the Lido deck, and more than half of those (25) occurred on the *Carnival Pride*."); *Fawcett*, 682 F. Supp. 3d at 1110 ("Plaintiff identifies prior similar incidents, including 25 slip and fall incidents on the *Breeze* vessel and six cases arising from slip and falls on wet or slippery areas of the Lido Deck of the *Magic*." (cleaned up)); *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257, 1263 (S.D. Fla. 2022) (Bloom, J.) ("Here, Plaintiff alleges fifteen (15) prior substantially similar incidents.").

WL 34644, at *2 (S.D. Fla. Jan. 4, 2023) (Bloom, J.) (quoting *Groves v. Royal Caribbean Cruises, Ltd.*, 463 F. App'x 837, 837 (11th Cir. 2012)). Here, Copeland alleges that Carnival (among other things) failed to "adequately select, install, and/or approve of reasonably safe flooring material" and to "adequately select, design, and/or approve the subject area with sufficient and adequate handrails or support structures, particularly in areas where foreign substances are likely to accumulate[.]" Complaint ¶ 34. These allegations mirror the allegations the plaintiff advanced in *Spotts*, where we said this:

> Based on these allegations, we think that Spotts has done just enough to state a claim for negligent design. *See* [*Donaldson v. Carnival Corp.*, 2020 WL 6801883, at *4 (S.D. Fla. Nov. 19, 2020) (Scola, J.) (holding that, "[w]hile the [plaintiffs'] allegations are not well developed, they do withstand scrutiny at the motion to dismiss stage" because the complaint stated that the "'[d]efendant participated in the design process'; 'approved of the Carnival *Dream*, including providing specifications to the shipbuilder'; and . . . 'maintains the contractual right to participate, review, modify, and/or reject the design plans'" (cleaned up)); *Canyes v. Carnival Corp.*, 2022 WL 4270001, at *3–4 (S.D. Fla. Sept. 15, 2022) (Bloom, J.) (denying motion to dismiss negligent-design claim where the complaint alleged that the defendant "actively participated in the design and construction of the Carnival *Horizon*" and "actively participated in the design and construction of the cabin" where the plaintiff was injured, "including the upper berth bed [and] the placement of the refrigerator adjacent to the wall on the floor"); *cf. Liles*, 2023 WL 34644, at *2–3 (granting motion to dismiss negligent-design claim where the plaintiff alleged "*no* facts . . . in support of [her] conclusory assertions that Carnival participated in the design process of the tender and ramp, which are not on or part of the *Vista*, or that Carnival otherwise approved those designs" (emphasis added)). Because Spotts has alleged that Carnival participated in (or approved of) the design of the area that caused his injury—in this case, the ship's Lido Deck—his allegations are sufficient to survive a motion to dismiss.

711 F. Supp. 3d at 1370–71. While we can't say that Count III is particularly well-pled, we find that Copeland's negligent-design allegations are similar to the ones we allowed to proceed in *Spotts*. Accordingly, Count III states a plausible negligent-design claim.

## Conclusion

For the foregoing reasons, we hereby **ORDER and ADJUDGE** as follows:

1. The Motion to Dismiss [ECF No. 8] is **GRANTED in part** and **DENIED in part**. Counts I, II, and IV of the Complaint are **DISMISSED without prejudice**.

2. The Plaintiff is **GRANTED** leave to file an amended complaint by **June 30, 2025**.

**DONE AND ORDERED** in the Southern District of Florida on June 16, 2025.

                                                                          **ROY K. ALTMAN**
                                                                          **UNITED STATES DISTRICT JUDGE**

cc:     counsel of record